Wendy M. Thomas (SBN 268695)
Kellen Adams (SBN 349518)
**TADJEDIN THOMAS & ENGBLOOM LAW GROUP LLP**
6101 West Centinela Avenue, Suite 270
Culver City, CA 90230
T: (310) 362-4970
*E:* wendyt@ttelawgroup.com
*E:* kellena@ttelawgroup.com

*Attorneys for Defendants Tony Barouti and Emerson Equity, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LIDA ARMEN, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TONY BAROUTI, an individual, and EMERSON EQUITY, LLC, a California corporation and DOES 1 through 10, inclusive <br><br> Defendants. | CASE NO: 2:26-cv-01432 <br><br> [Lower Court Case No.: 25STCV35753 Los Angeles County Superior Court, Stanley Mosk Courthouse] <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION** <br><br> **[Federal Question - 28 U.S.C. §§ 1331, 1441(b)]** <br><br> Complaint Filed: December 8, 2025 Trial Date: None Set |

TO PLAINTIFF LIDA ARMEN, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED ("PLAINTIFF"), AND HER ATTORNEYS OF RECORD:

Defendants Tony Barouti ("Barouti"), and Emerson Equity, LLC ("Emerson") (collectively "Removing Defendants") hereby serve notice of their removal of the action entitled *Lida Armen v. Tony Barouti, et al.,* filed in Los Angeles County Superior Court, Stanley Mosk Courthouse, Case No. 25STCV35753, to the United States District Court, for the Central District of California, Western Division, on the grounds set forth below, and respectfully aver as follows:

## JURISDICTIONAL STATEMENT PER LOCAL RULE 8-1

1.      Removing Defendants base this Notice of Removal on 28 U.S.C. § 1331, which states that district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, 28 U.S.C. § 1441(b) permits removal of any state court civil action over which the District Court has original jurisdiction.

2.      This Court has jurisdiction over this action under 15 U.S.C. § 78bb(f)(2). Plaintiff's state law claims include a class action claim involving "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security," which is precluded by the Securities Litigation Uniform Standards Act ("SLUSA").

3.      This Notice is timely filed under 28 U.S.C § 1446(b) because the Plaintiff was unable to effect service on Defendant Tony Barouti with the Complaint in this case and this Notice of Removal has been filed within thirty (30) days of Defendants' Notice of Appearance of Defendants Tony Barouti, which was filed on January 23, 2026. A true and correct copy of Defendant's Notice of Appearance of Defendants Tony Barouti and Emerson Equity, LLC is attached to the Declaration of Wendy M. Thomas as ("Thomas Decl.") as **Exhibit "13"**.

## PLEADINGS AND PROCEEDINGS TO DATE

4.      On December 8, 2025, Plaintiff filed a Complaint against Removing Defendants Barouti and Emerson in the Superior Court of the State of California for the County of Los Angeles entitled, *Lida Armen, on behalf of herself and all others similarly situated v. Tony Barouti; Emerson Equity, LLC; and Does 1 through 50, Inclusive*. A true and correct copy of the Complaint is attached to the Thomas Decl. as **Exhibit "1"**. Thereafter, the following documents were filed in the state court action: a Civil Case Cover Sheet, Notice of Case Assignment, Alternative Dispute Resolution Packet, Summons on Complaint. Thomas Decl. as **Exhibits "2" through "5"**.

5.      On December 23, 2025, Emerson's previously registered agent for service

of process, Dominic J. Baldini, was personally served with the Summons; Complaint; Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment Unlimited Civil Case; Voluntary Efficient Litigation Stipulations; Order Pursuant to CCP 1054(a); First Amended General Order.

6.    Thereafter, the following documents were filed in the state court action: Court Order Regarding Newly Filed Class Action, Clerk's  Certificate of Service by Electronic Service, Proof of Service of Summons on Emerson, Plaintiff's Notice of Service of Orders, Proof of Service, Plaintiff's Notice of Status of Service on Tony Barouti, and Defendant's Notice of Appearance of Defendants Tony Barouti and Emerson Equity, LLC. Thomas Decl., **Exhibits "6" through "13"**.

7.    Plaintiff's January 20, 2026, Declaration of Due Diligence of Service reflects that Plaintiff was unable to effect service of the Complaint on Barouti. **Exhibit "12"**, pp. 8-10.

8.    No responsive pleadings have yet been filed by any Defendants. A true and correct copy of the state court's docket is attached to the Thomas Declaration as **Exhibit "14"**.

9.    Removing Defendants are informed and believe that there has been no service on Does 1 through 50.

## GROUNDS FOR REMOVAL

10.    Under 28 U.S.C. § 1441(b), a party may remove to federal court any action filed in state court that arises under the laws of the United States. As demonstrated below, this action arises under the laws of the United States because all of Plaintiff's claims are precluded by the Securities Litigation Uniform Standard Act of 1998. (15 U.S.C. § 78bb *et seq.*)

## REMOVAL PURSUANT TO SLUSA (15 U.S.C. § 78bb)

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which states that district courts have "original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States." (28 U.S.C. § 1331.) Removal of any state court action over which the District Court has original jurisdiction is permitted by 28 U.S.C. § 1441(b). In 1998, Congress enacted SLUSA to prevent securities class action plaintiffs from evading the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); *Freeman Invs., L.P. v. Pac. Life Ins. Co.,* 704 F.3d 1110, 1114 (9th Cir. 2013) (citation omitted). SLUSA amended the Securities Act of 1933 (the "Securities Act") and the Securities and Exchange Act of 1934 (the "Exchange Act"). Those amendments are codified at 15 U.S.C. §§ 77p(b-c) and 15 U.S.C. §§ 78bb(f)(1-2), respectively. SLUSA's amendments to the Exchange Act provide, in pertinent part:

> (1) Class action limitations. No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –

> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or

> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

> (2) Removal of covered class actions. Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

> 15 U.S.C. § 78bb(f).

12.     Therefore, under 15 U.S.C. § 78bb(f), removal is permitted of "[a]ny covered class action" ... "by any private party alleging ... a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1), (2).

13.     A covered class action means "any single lawsuit in which (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions

of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members." (15 U.S.C. § 78bb(f)(5)(B)(i)(I).)

14.    First, the class action sought to be removed is a "covered class action." Plaintiff has defined the proposed classes in this case as follows:

75.  Plaintiff seeks to represent a Class (whose members are "Class Members" compose of and defined as:

During the fullest period allowed by law, all persons, residing in California, who were advised by Barouti to invest in the Legion Bonds and did, in fact, invest in the Legion Bonds.

76.  Plaintiff also seeks to represent an Elder Subclass (whose members are "Elder Subclass Members" or "Subclass Members") composed of and defined as:

During the fullest period allowed by law, all persons, residing in California, who, 65 years of age or older, were advised by Barouti to invest in the Legion Bonds and did, in fact, invest in the Legion Bonds. (Thomas Dec., ¶ 2, Ex. 1, ¶¶ 75-76)

15.    Plaintiff has filed a single lawsuit on behalf of a class consisting of:

"The potential members of the Class, as defined and identified herein, are more than forty, and so numerous that joinder of all members of the Class is impracticable. The potential members of the Subclass, as defined and identified herein, are, on information and belief, more than twenty, and so numerous that joinder of all members of the Class is impracticable." (Thomas Decl., ¶ 2; Ex. 1, ¶ 80.)

16.    Plaintiff further alleges that "Common questions of fact and law exist as to all members of the Class and Subclass and predominate over the questions affecting only individual members of the Class and Subclass." (Thomas Dec., ¶ 2, Ex. 1, ¶ 82)

17.    Further, as set forth in the accompanying Declaration of Howard Davis, there were between approximately seventy (70) and eighty (80) original investors from California who were involved in the purchase of Legion Bonds through Barouti and all of the investors were in California. Of those investors, approximately fifty-four (54) were over the age of sixty-five (65). (Declaration of Howard Davis, ¶¶ 9-10) Though approximately half of those investors have already been repaid their investment, during defense counsel's meet and confer with Plaintiff's counsel, Plaintiff's counsel maintained that Plaintiff's counsel can pursue a class action lawsuit in connection with investors whose investments have already been repaid. (Thomas Dec., ¶ 19; Davis Dec., ¶ 11)

18.    Therefore, Plaintiff claims that the class is more than forty members and Defendants' records reflect that the proposed Class and Subclass are inclusive of more than fifty class members.

19.    SLUSA is to be given a broad interpretation. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006). The statute "is designed to prevent persons injured by securities transactions from engaging in artful pleading or forum shopping in order to evade limits on securities litigation that are designed to block frivolous or abusive suits." *Holtz v. JPMorgan Chase Bank, N.A*., 846 F.3d 928, 930 (7th Cir. 2017).

20.    Plaintiff may have purposely identified the class as "more than forty" members to avoid SLUSA. (Thomas Decl., 2; Ex. 1, ¶ 80.) Plaintiff's Complaint is an example of a Plaintiff attempt to "evade limits on securities litigation" by "engaging in artful pleading" as exemplified by *Holtz. Id*. at 930.

21.    Secondly, the class action Complaint is based on state law claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 997 (C.D. Cal. 2002) (denying a motion to remand under SLUSA). Plaintiff has asserted state law claims for fraud – intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, violations of California Corporations Code, §§ 25401 and

1  25403(b)-(c), and constructive fraud against Removing Defendants. (Thomas Decl. ¶ 2,
2  Ex. 1 [caption page].) The case is brought by a private party, Armen, on behalf of the
3  proposed Class and Subclass.

4      22.    Third, the case, as alleged by Plaintiff, involves a misrepresentation or
5  omission of a material fact in connection with the purchase or sale of a covered security.
6  Specifically, Plaintiff alleges that, "Barouti failed to disclose the patently material
7  facts…" (Thomas Decl., Ex. 1, ¶ 93) and that "Plaintiff and other Class Members
8  reasonably relied on Barouti 's and Emerson's untrue statements of material facts and
9  material omissions in purchasing the Bond." (Thomas Decl., ¶ 2; Ex. 1, ¶ 97.)

10      23.    Further, Plaintiff's third cause of action is based on purported violations of
11  sections 25401 and 25403 of the Corporations Code. Plaintiff's third cause of action
12  alleges, "in offering and selling the Legion Bonds to Plaintiff and other Class Members,
13  Defendant Barouti acting within the scope of his employment with Emerson, made
14  numerous oral communications which included untrue statements of material fact."
15  (Thomas Decl., ¶ 2; Ex. 1, ¶ 112.) This cause of action further highlights an omission
16  of a material fact in connection with the purchase or sale of a covered security.

17      24.    Fourth, the lawsuit involves a "covered security." A "covered security" is
18  one that is "listed on a national securities exchange" or "issued by an investment
19  company that is registered, or that has filed a registration statement, under the
20  Investment Company Act of 1940." *See Kenneth Rothschild Trust, supra*, 199 F. Supp.
21  2d at 998 (citing 15 U.S.C. § 77p(f)(1), which mirrors 15 U.S.C. § 78bb(f)(1))
22  (quotations omitted). SLUSA defines the term "covered security" to mean "a security
23  that satisfies the standards for a covered security specified in paragraph (1) or (2) of
24  section 18(b) of the Securities Act of 1933." 15 U.S.C. § 78bb(f)(5)(E). Section 18(b),
25  in turn, defines "covered securities" to include securities (i) "qualified for trading in the
26  national market system ..., or authorized for listing, on a national securities exchange,"
27  or (ii) "issued by an investment company that is registered ... under the Investment
28  Company Act of 1940." *Id.* § 77r(b)(1)-(2).

25.    Throughout Plaintiff's complaint, she alleges that the Removing Defendants sold securities to Plaintiff. Further, Emerson is an investment adviser registered under the Investment Advisers Act of 1940. On or about January 17, 2025 Legion Capital Corporation initiated a filing to register under Regulation A of the Securities Act of 1933, which would qualify it for trading on the national market system, though it withdrew its Regulation A offering statement thereafter. (Davis Dec., ¶¶ 3, 8, "**Exhibit 16**") Therefore, the Legion Bonds are a covered security under SLUSA.

## TIMELINESS OF REMOVAL

26.    The Summons and Complaint in this action were served upon Emerson on December 23, 2025. (Thomas Decl., ¶ 10; Ex. 9.) Barouti has not been served by Plaintiff. (Thomas Decl., Ex. 12, pp. 8-10)

27.    On January 20, 2026, Plaintiff filed a Notice of Status of Service on Tony Barouti indicating that Barouti had not yet been served. (Thomas Decl., ¶ 13; Ex. 12.)

28.    On January 23, 2026, Emerson and Barouti filed a Notice of Appearance of Defendants. (Thomas Decl., ¶ 14; Ex. 13.)

29.    Removing Defendants are informed and believe that no other defendant has been served in this case. (Thomas Dec., ¶ 18) This Notice of Removal is filed within 30 days of Barouti's Notice of Appearance, and within one year of the date of commencement of the action. This removal is therefore timely under 28 U.S.C. § 1446(b).

## VENUE - REMOVAL TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, IS PROPER

30.    This is a suit of a wholly civil nature brought in a California court. The action is pending in Los Angeles County, California and, accordingly, under Title 28 United States Code §§ 1331 and 1441(b), the United States District Court for the Central District of California, Western Division, is the proper forum for removal because the district and division embrace Los Angeles County.

## COMPLIANCE WITH 28 U.S.C. § 1446 REQUIREMENTS

31.    The Removing Defendants will promptly serve on Plaintiff and file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), the Removing Defendants will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court." A true and correct copy of the Notice being filed with the Superior Court is attached to the Declaration of Wendy M. Thomas as **"Exhibit 15**."

32.    All named defendants who have been served at the time of filing of this Notice, whose identities are known to Defendants at the time of filing pursuant to the exercise of reasonable diligence, have consented to this removal in accordance with 28 U.S.C. § 1446(b)(2). No other party named in the Complaint has filed an appearance as of the date of filing of this Notice of Removal.

## PRESERVATION OF DENIALS AND DEFENSES

33.    By filing this Notice of Removal, the Removing Defendants do not waive any jurisdictional or other defenses that might be available to them. In addition, the Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure. Removing Defendants reserve the right to amend or supplement this Notice of Removal. Removing Defendants specifically reserve the right to amend this petition to offer additional grounds for removal should the grounds presented herein be found to be insufficient.

WHEREFORE, Defendants Emerson and Barouti pray that the above-referenced action now pending in the Los Angeles County Superior Court of the State of California, Case No. 25STCV35753, be removed from that Court to this United States District Court.

Dated: February 11, 2026          **TADJEDIN THOMAS & ENGBLOOM LAW GROUP LLP**

By: _____

_____
Wendy M. Thomas
*Attorney for Defendants Tony Barouti and Emerson Equity, LLC*

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION